JOHANNA LENHART AND ANOTHER, EXECUTORS, SUBSTITUTED FOR FRANK F. LENHART, DECEASED, v. LENHART WAGON COMPANY.[1]

January 16, 1942.

No. 33,135.

[1]Reported in 2 N. W. (2d) 421.

*George C. Stiles* and *Frank J. Donahue,* for relator.

*Christensen & Johnson, I. K. Lewis,* and *Lew C. Church,* for plaintiff-respondents and the Honorable Arthur W. Selover.

STONE, JUSTICE.

We have dealt with this case before in Lenhart v. Lenhart Wagon Co. 210 Minn. 164, 298 N. W. 37, 40, 135 A. L. R. 833. We were then reviewing an order denying a motion by Alfred A. Lenhart, as a minority stockholder on behalf of defendant corporation, to set aside for fraud a default judgment against the corporation in favor of one of its officers. The motion was denied, but we reversed with the comment that "upon no theory was the action below justified." We added explicit "directions to try the controversy upon the merits of the proposed answer."

The proposed answer so referred to was one which had been filed by Alfred A. Lenhart in making his motion to annul the judgment. Upon remand to the district court, the defendants objected to trial on the merits. Their claim was that such trial could not be had until there had first been determined these questions: (1) Whether the judgment was obtained by any fraudulent act or practice on the part of the original plaintiff, and (2) whether the motion to vacate was instituted within three years after the discovery of the fraud, if fraud there was. It was then ruled "that said two questions must be heard and determined by the court in order to determine whether or not the court has jurisdiction in the matter." That view we consider erroneous.

The order refusing to vacate being reversed, we cannot escape the conclusion that, without more, our mandate called for an order explicitly vacating the judgment under attack. But our decision did not stop there—it went on with the stated "directions to try the controversy upon the merits of the proposed answer." Right or wrong, that was the decision and mandate. So the district

574

court was under the duty to proceed with trial of the merits of the original action upon the issue joined by the "proposed answer."

■ But, it is now argued for the defense, the motion to vacate has not been considered below on its merits but, rather and only, upon a "demurrer to the motion." The record does recite the general appearance of the defendants who opposed the motion, and that all of them demurred thereto. They did not file counter-affidavits.

Of all that it is enough to say that, in our practice, demurrers to a motion are not recognized. So we cannot go along with the argument, now advanced, that a motion may be heard, by appealable order denied, and then, after review on appeal, the whole process repeated, because, forsooth, the opposition to the motion was in form and terms of demurrer.

We decline to set a precedent which will countenance any such additional and inexcusable cause for more delay and greater expense of litigation. Such practice is not recognized by statute, and we decline to create it by decision.

One hearing of a motion should be enough. The parties have had their "day in court." If the merits were not fully presented, counsel have only themselves to blame. Of course, on a motion they have the right to be heard. But there is nothing in our law entitling them to a second hearing.

It should be said in passing that the original motion was thoroughly considered, as evidenced by the exhaustive and painstaking memorandum explaining the original order denying the motion to vacate the judgment.

■ There is much and completely mistaken reliance upon Mason St. 1927, § 9405. That statute declares that any judgment of a court of record obtained by perjury or fraud may be set aside by "an action brought for that purpose by the aggrieved party * * * within three years after the discovery by him of such perjury or fraud."

That statute was enacted simply to make the equitable remedy of action concurrent with the legal remedy by motion. Without

the statute, the equitable action was too apt to encounter the objection that there was adequate remedy (by motion) at law. The statute made the two concurrent. Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310. It has no present application, for this attack on a judgment is made by motion and not by action, statutory or otherwise.

■ Furthermore, the statute does not speak in terms of jurisdiction. It imposes a duty and speaks in terms only of duty. Violation would be error and so reversible if prejudicial. That is very different from a transgression of jurisdiction. Some of the cases making that distinction were reviewed in Reid v. Independent Union, 200 Minn. 599, 275 N. W. 300, 120 A. L. R. 297.

The point is made that our alternative writ of *mandamus* is a violation of Mason St. 1927, § 9732. The argument is correct that in such a case we should "first make an order * * * that such district court or judge show cause before the court why a peremptory writ of *mandamus* should not issue." But it so happens that our writ included, in the alternative, an order to show cause. In that it complied with the statute, and we may proceed.

We are indebted to the district court (Judge Selover) for a complete and frank return, stating the whole situation and the doubt entertained below. All of that uncertainty was due, not to any ambiguity in our former decision, but wholly to the argument, advanced there, as here, that the motion to vacate was originally heard upon the so-called demurrer.

Now that we have the opportunity and the proper suggestion has been made, we qualify our original decision and its mandate as follows. Under the judgment, execution issued, and, it is said, real estate was sold, the title of which has now reached innocent purchasers. If so, their rights should be protected. The final vacation of the judgment should await the trial and decision of the case on the merits. Then, it will be for the trial court to determine what, if anything, is necessary in order to protect the rights of innocent purchasers, if any there be. Such rights can be protected, and of course will be, without prejudice to the trial

of the issues presented by the pleadings. Only in the event that the original judgment is not confirmed by the result of the trial will it be necessary to consider, first, whether the rights of innocent purchasers are involved and, next, the measures needed for their adequate protection. With that qualification, a writ of *mandamus* must issue directing further proceedings below in accordance with our former decision.

So ordered.

