## PERSONAL LOAN COMPANY v. PERSONAL FINANCE COMPANY OF ST. PAUL.[1]

November 13, 1942.

No. 33,431.

*Guesmer, Carson & MacGregor,* for relator.
*Bowen & Bowen,* for respondent.

PETERSON, JUSTICE.

In an action for injunctive relief to protect its tradename, relator demanded a temporary injunction enjoining Personal Finance Company of St. Paul:

"(a) from doing business under its present corporate name, to-wit: Personal Finance Company of St. Paul, and

"(b) from posting or exhibiting its license to do business under Chapter 12, Minn. Session Laws 1939, in its place of business at 6 West Sixth St., St. Paul, Minnesota, or elsewhere, and

[1]Reported in 6 N. W. (2d) 247.

"(c) from exhibiting said Neon sign featuring the word 'Personal' over the sidewalk in front of and adjacent to defendant's place of business, and

"(d) from featuring the word 'Personal' in any advertising or literature so as to be deceptively similar to or to cause confusion with plaintiff's corporate name, and

"(e) from doing anything else of any kind or nature resulting in confusion between plaintiff and defendant."

On October 27, 1941, the court below denied the temporary injunction.

For convenience, we shall refer to relator, the plaintiff in the injunction action, as plaintiff, and to Personal Finance Company of St. Paul, defendant therein, as defendant.

The Beneficial Industrial Loan Corporation, the parent of defendant, attempted to intervene and defend the action. Defendant, pursuant to a stipulation between the parties, did not answer, but retained the right to answer within ten days after the court rendered its decision on appeal.

On June 19, 1942, we filed a decision reversing the court below. Personal Loan Co. v. Personal Finance Co. of St. Paul, 212 Minn. 600, 5 N. W. (2d) 61, 62. In the opinion we pointed out, among other things (Mr. Justice Holt speaking for the court), that defendant by its "window and neon sign features has continued to deceive the public and divert plaintiff's business to itself," and that (212 Minn. 607, 5 N. W. [2d] 64) : "Under the showing, it was an abuse of discretion to deny a temporary injunction pending suit," and ordered that "the order denying plaintiff's motion for a temporary injunction pending suit is reversed with direction to grant such injunction upon the giving of a proper bond by plaintiff." A motion for reargument was made upon the ground " 'that the questions relating to the motion for temporary injunction were not fully argued.' " On July 31, 1942, the motion for reargument was denied. On August 11, 1942, the remittitur went down reversing the order denying the temporary injunction with direction

to grant such injunction upon the giving of a proper bond by plaintiff.

After the remittitur went down, plaintiff requested the Honorable Albin S. Pearson, who heard the case as judge of the court below, to issue the temporary injunction pursuant to our direction. This the court refused to do. Then plaintiff renewed its motion, except as to part (b), relating to defendant's posting and exhibiting its license, which plaintiff abandoned. Meanwhile defendant had answered. The substance of its answer was included in the answer of the intervener. The court below proceeded upon the assumption that the renewal of the motion brought the entire matter before it *de novo* as if it had not previously been heard and an appeal taken, with a reversal by this court with directions. On October 15, 1942, the court below made an order granting a temporary injunction with modifications of the directions contained in our decision and mandate. The order provided that defendant should be permitted to use the word "Personal" in its neon sign if it did not light the same; that, subject to the provision relating to the neon sign, defendant be enjoined from using the word "Personal" in its contact with the public in its advertising by radio and by any written, printed, or published matter "circulated among the public"; and, to remove the word "Personal" wherever the same is now printed or painted upon the windows, doors, or entrances of its place of business. It further provided: "Except in the respects hereinabove set forth, defendant shall not be required to refrain from conducting and carrying on its business in the manner and in all respects to the same extent as it has heretofore done, and except as hereinabove provided, defendant may continue the operation of its business as heretofore."

Plaintiff, as relator here, complains that the order in question did not grant it the relief which we specifically and definitely directed in our mandate. The injunctional order, so far as it permitted defendant to use the word "Personal" on its neon sign, if not lighted, plainly changes the scope of the direction in our mandate. We directed that the use of the word in the neon sign be

altogether enjoined *pendente lite,* whether the sign was lighted or not. The court below by its order permits that use subject only to the limitation that the sign shall not be lighted. Furthermore, our mandate was that a temporary injunction issue as prayed enjoining defendant "from doing business under its present corporate name, to-wit: Personal Finance Company of St. Paul." The order of the court below limits the temporary injunction ordered only to advertising of the kinds mentioned, *viz.,* by signs on defendant's windows, doors, or entrances to its place of business, by radio and by written and printed matter circulated among the public. Otherwise defendant is expressly authorized to do business under its corporate name as it has heretofore. Our direction was to enjoin the use of the word "Personal" not only in connection with some activities incident to the conduct of defendant's business such as advertising and displaying signs, but to enjoin the use thereof entirely in the conduct of its business. By limiting the temporary injunction to the acts specified and expressly authorizing all others, which our mandate directed should be enjoined, the court below clearly failed to comply with our mandate.

Where this court reverses an order or judgment and remands the case with specific directions as to the order or judgment to be entered, upon remittitur it is the duty of the trial court to execute the mandate of this court precisely according to its terms, without alteration, modification, or change in any respect. Lenhart v. Lenhart Wagon Co. 211 Minn. 572, 2 N. W. (2d) 421; Malcolmson v. Goodhue County Nat. Bank, 200 Minn. 486, 274 N. W. 652. The interposition of an answer by defendant after the original decision on appeal does not affect one way or the other the operation of the rule requiring compliance with our mandate. On rehearing we made it clear that the answer related to (212 Minn. 607, 5 N. W. [2d] 64) "future procedure in the court below." When the mandate to issue a temporary injunction was issued, all the facts now appearing by defendant's answer were before us by the answer of intervener and the affidavits of defendant's agent, Bohler. Our mandate presupposed that an answer setting forth

such matters would be interposed and that the litigation would involve issues raised by the answer. A matter litigated and decided on appeal may not be relitigated under a different form and thus avoid the effect of our mandate on decision disposing of a case. In the Lenhart case we said (211 Minn. 574, 2 N. W. [2d] 422):

"One hearing of a motion should be enough. The parties have had their 'day in court.' If the merits were not fully presented, counsel have only themselves to blame. Of course, on a motion they have the right to be heard. But there is nothing in our law entitling them to a second hearing."

New defenses existing and known at the date of an order or decree so reversed cannot be heard or entertained in opposition to the mandate. Barbour, Stedman and Herod v. Tompkins, 58 W. Va. 572, 52 S. E. 707, 3 L.R.A.(N.S.) 715; 3 Am. Jur., Appeal and Error, § 1238.

The frequency with which lower courts have failed to yield obedience to the mandates of this court, as evidenced by this case and the recent decisions which we have cited, is, to say the least, unfortunate. The public interest requires that there should be an end to litigation and that, when a case has been considered and decided by this court and remanded with directions, the lower court has no power but to obey. As the Colorado court said: "otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of that authority over inferior tribunals with which it is invested by our fundamental law." Galbreath v. Wallrich, 48 Colo. 127, 131, 109 P. 417, 418, 139 A. S. R. 263.

It is ordered that a peremptory writ of *mandamus* immediately issue commanding the Honorable Albin S. Pearson as judge of the district court of Ramsey county forthwith to issue a temporary injunction as directed by our mandate, except as to part (b), which has been abandoned by plaintiff.

Writ of *mandamus* granted.