# HERMAN HOLDEN v. FARWELL, OZMUN, KIRK & COMPANY.[1]

December 10, 1948.

No. 34,868.

*Thomas, Bradford & King* and *Paul C. Thomas,* for relator (defendant).

*William R. Mitchell,* for respondent (plaintiff).

PER CURIAM.

Application for a peremptory writ of mandamus to compel the trial court to comply with the mandate of this court pursuant to the decision made in Holden v. Farwell, Ozmun, Kirk & Co. 223 Minn. 550, 27 N. W. (2d) 641.

In the foregoing decision, the trial court was reversed and the case remanded for the amendment of findings of fact and conclusions of law and for the entry of judgment in accordance therewith. Subsequently, on August 12, 1948, the trial court made and filed its amended findings of fact, conclusions of law, and order for judgment, contrary—as more particularly hereinafter indicated—to the man-

---

[1]Reported in 34 N. W. (2d) 920.

date of the above decision. It is well established that when this court reverses an order or judgment and remands the case with directions as to the order or judgment to be entered, upon remittitur it is the duty of the trial court to execute the mandate of this court precisely according to its terms without alteration, modification, or change in any respect. Personal Loan Co. v. Personal Finance Co. 213 Minn. 239, 6 N. W. (2d) 247; Lenhart v. Lenhart Wagon Co. 211 Minn. 572, 2 N. W. (2d) 421; Malcolmson v. Goodhue County Nat. Bank, 200 Minn. 486, 274 N. W. 652.

In its amended findings, the trial court has rejected the determination of this court as to the amount unpaid on a certain mortgage. It has also made findings of fraud, although no issue or theory of fraud was involved in the original action or upon the appeal taken to this court.

The facts are fully stated in our prior opinion and will not be here repeated. It is sufficient to point out that the fundamental issue was whether a certain mortgage had in fact been paid. In passing on this issue, it became necessary to determine if certain payments should be credited to a mortgage indebtedness of $1,400 or to another indebtedness that was unsecured. Originally, two notes were given by the decedent. One of these, for $1,400, was secured by a mortgage on the Holden homestead. The other was an unsecured demand note for $758.76. After $400 had been admittedly paid on the mortgage note, Holden issued ten checks totaling $758.76, which he designated as paid on note. These were applied by Farwell, Ozmun, Kirk & Company to the demand note. For reasons stated in our prior opinion, which did not involve findings of fraud, we determined as a matter of law that these checks should have been applied to the mortgage note instead. In so applying these checks, the mortgage note was paid to the extent of $1,158.76, which left a principal balance of $241.24 unpaid. Implicit in this determination is the fact that such unpaid principal balance had not been paid or reduced by overpayment of interest or otherwise. Inherent therein also is the fact that the unsecured note of $758.76 had not been paid and remained owing in full on December 29, 1934. Ob-

viously, payment applied in reduction of the mortgage note could not at the same time constitute a credit against the unsecured demand note.

Accordingly, renewal note No. 5330 issued January 2, 1935, for $1,131.53 (inclusive of $1,000 principal and $131.53 interest), which was thought to cover a principal balance of $1,000 on the mortgage note, was in reality a renewal, which consolidated the principal sum of $241.24 actually due on the mortgage and the principal sum of $758.76 represented by the demand note. Each successive renewal note was again composed of the two funds. Therefore, when interest was paid on a renewal note, that interest applied uniformly to each part of the note indebtedness. Whatever interest was paid in excess of the amount due on the $241.24 principal mortgage balance was properly applicable to interest due on that portion of the unsecured indebtedness which defendant had erroneously included as part of the mortgage debt.

The trial court in its amended findings and in its memorandum attached thereto states that defendant by its pleadings admitted that it had collected interest on an alleged $1,000 mortgage balance from 1935 to 1941, both years inclusive. What do the pleadings show? Plaintiff in paragraph V of his complaint alleges "that no part of said mortgage had been paid except the principal sum of Four Hundred ($400.00) Dollars and interest thereon to and including the 31st day of December, 1941, * * *." The defendant in paragraph II of its answer admits the truth of this allegation. This admission by defendant was obviously made on the assumption that the $1,000 renewal note (No. 5330) represented the balance of the mortgage. This erroneous assumption by defendant was rejected by this court, and the mortgage balance was found to be only $241.24. Defendant's admission of the truth of plaintiff's allegation must be treated in the light of the case as a whole with reference to the contention or theory adopted by each party, and in so doing it becomes clear that defendant admitted nothing more than that interest had been paid on $1,000, whether the same was allocated wholly to the mortgage indebtedness or in part to the unsecured debt. Obviously,

it is not our function as a court to give one party an unfair advantage over the other by seizing upon and adopting a narrow and technical admission in the pleadings without regard to the significance and import of the pleadings as a whole.

It is ordered that a peremptory writ of mandamus immediately issue commanding the Honorable Albert H. Enersen as judge of the district court to vacate the amended findings and conclusions of law and order for judgment heretofore made and filed on August 12, 1948, and further commanding him to make new findings of fact, conclusions of law, and order for judgment to the effect that at the time of the mortgage foreclosure sale on April 1, 1944, there was a principal balance of $241.24 due on said mortgage, together with accrued interest thereon from December 31, 1941, at the rate of six percent per annum, and to the further effect that the sheriff's certificate of sale in said foreclosure sale be amended *nunc pro tunc* in accordance with the principal balance and interest due as herein provided.

Peremptory writ of mandamus granted.