STATE EX REL. MURPHY MOTOR FREIGHT LINES, INC. AND REGULATED MOTOR TRANSPORTATION AS-SOCIATION, INC. v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.
ROCK ISLAND MOTOR TRANSIT COMPANY, INTERVENER.[1]

April 14, 1950.

No. 35,232.

---

[1]Reported in 42 N. W. (2d) 426.

*Perry R. Moore* and *Stinchfield, Mackall, Crounse & Moore,* for relator Murphy Motor Freight Lines, Inc.

*Hoyt Crooks,* for relator Regulated Motor Transportation Assn. Inc.

*O'Brien, Horn, Stringer, Seymour & O'Connor,* for respondents.

*Philip Stringer* and *M. L. Cassell, Jr.,* for intervener.

PER CURIAM.

Petition for a peremptory writ of mandamus to compel compliance with the mandate of this court in Rock Island Motor Transit Co. v. Murphy Motor Freight Lines, Inc. 229 Minn. 291, 40 N. W. (2d) 896. Rock Island, being interested in this proceeding, was permitted to intervene.'

In the above case, we reversed the district court of Ramsey county, second judicial district, in a matter involving the issuance of a certificate of convenience and necessity by the Minnesota railroad and warehouse commission to Rock Island. After the return of the mandate, both parties moved the court to vacate its former findings of fact, conclusions of law, and order for judgment. Rock Island submitted proposed new findings and conclusions of law, wherein it sought to limit the decision of this court to a holding that the certificate of convenience and necessity was invalid only insofar as it determined that said company cannot haul at railroad rates. Murphy requested vacation of the findings of fact, conclusions of law, and order for judgment and that a new order be made directing judgment in accordance with the mandate of this court.

The trial court vacated its former findings of fact, conclusions of law, and order for judgment and thereafter made and filed amended findings of fact, conclusions of law, and order for judgment. The findings apparently seek to limit the effect of our decision, although the conclusions require a complete vacation of the order of the railroad and warehouse commission. The conclusions of law read:

"1.

"The restrictions in the certificate of public convenience and necessity whereby said Transit Company [Rock Island] is limited in the property to be transported by it to such property as it may receive from the Chicago, Rock Island and Pacific Railroad Company and that it transports such property at railroad tariffs of rates, fares, and charges are invalid.

"2.

"The defendant [Murphy] and intervenor [Regulated Motor Transportation Assn. Inc.] are entitled to judgment vacating the order of the Commission herein.

"Let judgment be entered accordingly.

"The following memorandum is made a part of these findings, conclusions, and order for judgment."

Thereafter follows a memorandum wherein the court sets forth its construction of the decision of this court and, among other things, states that the matter is now "unfinished business" in the commission. Judgment was entered vacating the order of the commission.

A motion has been made by intervener (Rock Island) that the railroad and warehouse commission make findings of fact and order in harmony with the opinion of the supreme court "and with the findings and conclusions of law of the District Court." The motion is made on the grounds:

"That by the amended and substituted findings of fact, conclusions of law and order for judgment of the District Court of Ramsey County, Minnesota, dated January 31, 1950, the order of the Commission, dated March 25, 1947, was adjudged to be unlawful in the respect, and in the respect only, that the same restricted service to such property as applicant might receive from Chicago, Rock Island & Pacific Railroad Company, and that transportation of such property be at railroad tariffs of rates, fares and charges, said order of the Commission being otherwise adjudged and determined to be wholly lawful and reasonable."

Needless to say, all parties are entitled to have strict compliance by the lower court with the mandate of this court. Holden v. Farwell, Ozmun, Kirk & Co. 227 Minn. 243, 34 N. W. (2d) 920.

On an appeal from a decision of the railroad and warehouse commission to the district court, that court, if it determines that the order is lawful *and* reasonable, shall affirm. If it determines that the order is unlawful *or* unreasonable, it shall be vacated and set aside. M. S. A. 216.25.

The trial court in the first instance determined that the order was lawful and reasonable, and it affirmed. We reversed, holding that the certificate of convenience and necessity was invalid for the reason that it was not within the commission's power to issue it. Our decision is clear. The whole certificate was held to be invalid. To carry out our mandate, nothing was necessary but an order of the court vacating and setting aside the order of the commission. No finding on other issues was necessary, nor was any interpretation of our decision required.

It is ordered that a peremptory writ of mandamus issue commanding the district court of Ramsey county, second judicial district, and the Honorable Gustavus Loevinger, to vacate and set aside its amended findings of fact, conclusions of law, and order for judgment and the memorandum made a part thereof, and to forthwith proceed in accordance with the decision of this court in the above case, and that J. J. Fitzgerald, clerk of said court, enter judgment in accordance with the proceedings so taken.

Peremptory writ of mandamus granted.