ROCK ISLAND MOTOR TRANSIT CO. v. MURPHY MOTOR FREIGHT LINES, Inc.

Civ. No. 2085.

United States District Court
D. Minnesota, Third Division.

Jan. 11, 1952.

Philip Stringer, St. Paul, Minn., for Rock Island Motor Transit Co.

Perry R. Moore, of Stinchfield, Mackall, Crounse & Moore, Minneapolis, Minn. for Murphy Motor Freight Lines, Inc.

DONOVAN, District Judge.

The initial proceeding was commenced in 1945 by Transit before The Railroad and Warehouse Commission of the State of Minnesota, hereinafter referred to as the Commission. Transit sought a certificate of public convenience and necessity to operate as an auto transportation company. The Commission's order which followed was appealed by Murphy to the State District Court, and from the latter to the State Supreme Court. The Supreme Court reversed the trial court and annulled the Commission's certificate of convenience and necessity on the ground that it "was in excess of the commission's power".[1] Thereafter Transit filed a motion with the Commission requesting an amendment of the Commission's findings and order so as to be in "harmony" with the opinion of the Supreme Court. Transit was again successful, and Murphy again appealed to said District Court of Ramsey County. By petition Transit removed the case to this Court.

Murphy contends that the United States District Court is without jurisdiction for the following reasons:

1. Transit is plaintiff and Murphy is defendant herein; ··

2. Transit makes no allegation that the amount in controversy exceeds $3,000.00;

3. Transit waived its right to remove;

4. Transit is guilty of laches;

5. Transit is estopped.

The court does not find the last four points persuasive, but is impressed with Murphy's first point pertaining to the align-

1. Rock Island Motor Transit Company v. Murphy Motor Freight Lines, Inc., 229 Minn. 291, 40 N.W.2d 896, 901; State ex rel. Murphy Motor Freight Lines, Inc., et al. v. District Court of Ramsey County, et al., 230 Minn. 560, 42 N.W.2d 426.

ment of the parties. If Murphy is correct in asserting that Transit is plaintiff in the instant case, that should end the matter here, and the case should be remanded to the State Court from whence it came.

Determination of the important question of jurisdiction requires studious search for the "mainspring" of the proceeding and the proper alignment of the respective interests of the parties.

■ The long-established principle that the Commission is an administrative body, as distinguished from a judicial tribunal, is not seriously questioned herein. The purpose of an appeal from the Commission to the District Court is to permit a judicial inquiry as to whether the order of the Commission invades substantial rights of the interested parties. The state statute governing such appeal makes this clear.[2] Does the status of the parties change on appeal? I am of the opinion that it does not. Such appeal does not constitute appellant a plaintiff.

■ This Court long ago, speaking with the customary clarity of Judge John B. San-

born, emphasized that an appeal to the Minnesota District Court from an order of the Commission is a "civil suit" which, under appropriate circumstances, may be removed to federal court.[3] The plaintiff is bound by the choice of the forum made, and only the defendant may demand and obtain removal to the United States District Court.[4]

■ In the present case Transit sought affirmative relief, which was opposed by Murphy. The administrative body granted the relief prayed for by Transit. Murphy appealed, as permitted by statute, and the burden of proof thereupon shifted to Murphy. This is not unusual in a civil suit.

■ The trial court will examine the whole matter in controversy with a view to determining whether the evidence reasonably tends to support the Commission's findings and conclusion in the light of the applicable law. The alignment of the parties is not changed by the shifting of the burden of proof to Murphy. Unless the state court, upon a review of the record made, concludes that substantial rights of the appealing party have been invaded, it

2. 15 Minn.Stat.Ann. § 216.24. Section 216.25 reads as follows:

"216.25 Appeal; orders not appealed; proceedings

"The person serving such notice of appeal shall, within five days after the service thereof, file the same with proof of service, with the clerk of the court to which such appeal is taken; and thereupon the district court shall have jurisdiction over the appeal and the same shall be entered upon the records of the district court and shall be tried therein according to the rules relating to the trial of civil actions so far as the same are applicable. The complainant before the commission, if there was one (otherwise the State of Minnesota), shall be designated as complainant in the district court, and the carrier or warehouseman as defendant. No further pleadings than those filed before the commission shall be necessary. Such findings of fact shall be prima facie evidence of the matters therein stated, and the order shall be prima facie reasonable, and the burden of proof upon all issues raised by the appeal shall be on the appellant. If the court shall determine that the order appealed from is lawful and reasonable, it shall be affirmed and the order en-

forced as provided by law. If it shall be determined that the order is unlawful or unreasonable, it shall be vacated and set aside. Such appeal shall not stay or supersede the order appealed from unless the court upon examination of the order and the return made on the appeal, and after giving the respondent notice and opportunity to be heard, shall so direct. If such appeal is not taken such order shall become final, and it shall thereupon be the duty of the carriers affected to adopt and publish the rates or classifications therein prescribed. When no appeal is taken from an order, as herein provided, the parties affected by such order shall be deemed to have waived the right to have the merits of such controversy reviewed by a court, and there shall be no trial of the merits or reexamination of the facts of any controversy in which such order was made, by any district court to which application may be made for a writ to enforce the same."

3. In re Chicago, M. St. P. & P. R. Co., D.C.Minn., 50 F.2d 430.

4. 28 U.S.C.A. § 1441(a) and note 405 thereto.

must affirm the order of the Commission. There is no *trial de novo* in the state court. [5] The trial court, before whom the appeal is pending, lacks power to exercise the functions of the Commission and substitute its own findings for those of the Commission. The "mainspring" on appeal is determination of the all-important question, i. e., was the Commission's order within the limits of the applicable statute, and are findings and said order supported by the evidence. If the order is within the power conferred by the statute it should be affirmed. [6] If the order exceeds the power conferred by the statute the court must vacate and annul it. [7]

It seems to me that this is a situation where adequate state court review of an administrative order based upon predominantly local factors is available to Transit.[8]

The matter must be remanded.

It is so ordered.

---

5. In re Chicago, M. St. P. & P. R. Co., supra.

6. State et al. v. Minneapolis & St. L. R. Co. et al., 209 Minn. 564, 297 N.W. 189.

7. State ex rel. Murphy Motor Freight Lines, Inc., et al., v. District Court of Ramsey County, et al., supra.

8. Alabama Public Service Commission v. Southern R. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.