## INGVALD V. JALLEN v. OLE N. AGRE AND ANOTHER.

### 122 N. W. (2d) 207.

### June 14, 1963—Nos. 38,345, 39,095.

*Rosengren, Rufer, Blatti & Hefte, Cummins, Cummins & Gislason, David W. Nord,* and *O. C. Adamson II,* for relators.

*Olson, Kief & Severson, Herbert E. Olson, Cronin, Mitchell & Spooner,* and *Paul L. Spooner,* for respondent.

PER CURIAM.

This is a petition for a peremptory writ of mandamus to compel the trial court to comply with the mandate of this court in the decision in Jallen v. Agre, 264 Minn. 369, 119 N. W. (2d) 739.

The facts are stated fully in the above opinion. The case involved the validity of an alleged settlement of the action. After the mandate of this court affirming a decision of the trial court denying a motion for a new trial was returned to the trial court, an ex parte application was made by plaintiff for judgment against the insurers of defendants. On April 24, 1963, the court issued its order directing that judgment be entered for plaintiff against the insurers of defendants and providing that the judgment shall not be collected by plaintiff against either of the defendants individually. Apparently it is now claimed by the trial court and by plaintiff that, in spite of the decision of this court, the trial court retained jurisdiction of the case for the purpose of entering judgment in favor of plaintiff, directly contrary to the mandate of this court.

In our opinion we said (264 Minn. 374, 119 N. W. [2d] 743):

"* * * it is implicit in his [Judge Forbes] order assigning the case for trial that he found otherwise, or at least felt that the record was so unsatisfactory that he could not find that there had been a completed settlement. The judge before whom the case was tried so construed the order as shown by his memorandum now before us. His memorandum states that counsel for all parties assented to the trial.

"Plaintiff is also faced with still another obstacle—a settlement may be abandoned. Any conduct inconsistent with an intention to rely on a compromise agreement will ordinarily be held to be an abandonment. Plaintiff could have insisted upon a determination by the court of its order to show cause. Having voluntarily proceeded with the trial, plaintiff cannot revert to the alleged settlement after an adverse verdict. As a matter of fact, the order of the court assigning the case for trial was tantamount to a refusal to find a valid settlement had been effected."

After the decision in the main case was issued, plaintiff petitioned for a rehearing. This petition was denied. In it he raised everything that he raises now in support of the court's order for judgment in favor of plaintiff. The argument before us now is nothing more than a second petition for rehearing. The language of our former opinion is clear. When plaintiff went to trial without insisting upon enforcement of the purported settlement, he took his chances on the outcome of the trial. Having lost, he now seeks to revert back to the settlement. It would be strange law to permit any such procedure. While the court and plaintiff claim that fraud was committed upon him, we find none in the record. There was a dispute as to whether the settlement was completed. The trial court failed to pass on an order to show cause which would have determined that matter before the case went to trial. It is too late to do so after a verdict adverse to plaintiff.

It is elementary law that it is the duty of the trial court to execute the mandate of this court according to its terms. Holden v. Farwell, Ozmun, Kirk & Co. 227 Minn. 243, 34 N. W. (2d) 920; State ex rel. Murphy Motor Freight Lines, Inc. v. District Court, 230 Minn. 560, 42 N. W. (2d) 426.

It is ordered that a peremptory writ of mandamus issue compelling the District Court of Beltrami County, in the Ninth Judicial District, and the Honorable Arnold C. Forbes to vacate and set aside the judgment entered herein and to forthwith proceed in accordance with the decision of this court affirming the decision of the trial court denying a motion for a new trial.

The peremptory writ of mandamus granted.

Plaintiff's motion to recall the remittitur of this court hereby denied.