**STATE OF MINNESOTA, Complainant,**

v.

**CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Defendant.**

No. 2-68 Civ. 318.

United States District Court,
D. Minnesota,
Second Division.

Feb. 12, 1970.

Norton M. Hatlie, former Sp. Asst. Atty. Gen. for Minnesota Public Service Commission and Lane Fridell, present Sp. Asst. Atty. Gen., for the Minnesota Public Service Commission, for complainant.

Stringer, Donnelly, Allen & Sharood, by Henry H. Cowie, Jr., St. Paul, Minn., for defendant.

NEVILLE, District Judge.

The Public Service Commission of the State of Minnesota (for many years known as the Minnesota State Railroad and Warehouse Commission) acting pursuant to and under Minn.Stat. § 216A.05 Subd. 2(4) issued an order requiring the defendant to appear before that Commission on June 24, 1968 to show cause why it should not be ordered and required to repair or reconstruct its line of trackage and railroad from Marshall to Evan, Minnesota, to serve among other points the communities of Rowena, Clements and Wabasso, Minnesota and to repair or reconstruct its line of trackage and railroad between Sanborn and Wanda, Minnesota. From an adverse order dated November 8, 1968 the defendant appealed to the district court of Redwood County, Minnesota in the manner provided by Minn.Stat. §§ 216.24 and 216.-25, and thereafter removed the action to this court. No motion to remand was filed and this court is in effect sitting as though it were a State district judge in Redwood County, Minnesota reviewing an order of an administrative quasi judicial agency and governed by Minnesota law. The ultimate question for determination by this court is thus wheth-

er the findings and order of the Public Service Commission are lawful and reasonable, the same statutorily being "prima facie evidence of the matter therein stated, and the order shall be prima facie reasonable and the burden of proof * * * shall be on the appellant."

This court would appear to have diversity jurisdiction in this, a civil action, under 28 U.S.C. § 1332, the defendant railroad being a citizen of Wisconsin and Illinois. Range Oil Supply Co. v. Chicago, Rock Island & P. R. Co., 248 F.2d 477 (8th Cir. 1957); Rock Island Motor Transit Co. v. Murphy Motor Freight Lines, 101 F.Supp. 978 (D.Minn. 1952).

After the issuance of the order to show cause aforesaid but before any order had been entered as a result thereof by the Public Service Commission the defendant applied to the Federal Interstate Commerce Commission for a certificate of necessity and convenience to permit it to abandon its line and trackage between Wabasso and Evan, Minnesota, a distance of approximately 20.5 miles, thereby leaving the communities of Rowena and Clements without rail service. This court, by order of July 15, 1969 stayed the present proceedings wherein complainant seeks enforcement of the repair and maintenance order of the Minnesota Public Service Commission to await the determination of the abandonment petition by the Interstate Commerce Commission. On October 21, 1969, after a four-day hearing in which the attorney for the Minnesota Public Service Commission participated, the Interstate Commerce Commission examiner recommended the issuance of a certificate permitting abandonment by defendant of the 20.5 miles of line in question. No exceptions were taken to this recommendation and by letter of December 8, 1969, defendant was formally advised that the certificate had become "the certificate and order of the Commission * * *."

Defendant has now filed with this court what it styles "Motion for Summary Judgment of Reversal", asserting that the jurisdiction of the Interstate Commerce Commission is superior to and supersedes that of the Public Service Commission and that since this 20.5 mile stretch of line has now been abandoned and no longer exists, the Public Service Commission's order should be set aside. It seems to the court that as to the Public Service Commission's order affecting trackage other than this 20.5 miles, it cannot grant summary judgment and must uphold such order and determine it to be valid. In reviewing an order of an administration or quasi judicial agency, its order is deemed presumptively valid as evidenced by the excerpt from the statute above quoted unless shown to have been entered without jurisdiction, in violation of due process or that the order is arbitrary, or capricious and not supported by any substantial evidence. No such challenge has been made to the Public Service Commission's order here, nor has any evidence been introduced nor attempted to be presented concerning such. It seems clear to the court that the Public Service Commission does have jurisdiction to enter such an order as it did pursuant to the Minnesota Statutes and in valid exercise of the State's police power and from the unchallenged findings of fact made by the Commission it appears that the order was based on substantial evidence. The court therefore by this order in no way intends nor attempts to limit, define nor proscribe the jurisdiction of the Public Service Commission as set forth in the Minnesota Statutes. The court deduced from the statement of both counsel at the oral argument that as a practical matter defendant had complied with the order of November 8, 1968 otherwise than in relation to the 20.5 mile stretch of line. If the court has a misunderstanding as to this, the action in this court still pends and this issue can be tried if necessary.

A different question presents itself as to the 20.5 miles of line permitted to be abandoned by the Interstate Com-

merce Commission. This court does not in this proceedings have any jurisdiction to review the Interstate Commerce Commission's abandonment certificate from which no appeal or exceptions were taken nor to countenance in this proceeding a collateral attack thereon.

Counsel for the Public Service Commission stated at the oral argument that he recognized the validity of Colorado v. United States, 271 U.S. 153, 46 S.Ct. 452, 70 L.Ed. 878 (1926) and Village of Mantorville v. Chicago Great Western R. R. Co., 8 F.Supp. 791 (D.Minn.1934), to the effect that under the Transportation Act of 1920, 49 U.S.C. § 1 (18–20) the Interstate Commerce Commission has exclusive power to authorize the abandonment of all or a portion of a railroad line used in interstate commerce, even though the abandoned part is solely within a single state. See Central New England Ry. Co. v. Boston & A. R. Co., 279 U.S. 415, 49 S.Ct. 358, 73 L.Ed. 770 (1929). This principle seems firmly established and quite clear. The Federal Government has pre-empted jurisdiction in this field.

■ The only question here then is assuming the complete validity of the order of November 8, 1968 entered by the Public Service Commission whether it can be applied against a no longer legally existing stretch of trackage and railroad line where the defendant has abandoned such pursuant to a lawful order of the Federal Interstate Commerce Commission. The Public Service Commission order is perfectly valid, but the very subject matter on which it is to operate simply has ceased to exist. The analogy perhaps is apposite to the doctrine of impossibility of performance in contracts, where performance is excused upon destruction of the subject matter, as a contract to paint a house where the house burns up or is lawfully condemned, to tutor a son who dies, to repair an automobile which has been stolen or to do any act where a subsequent change of law or events renders it illegal or supersedes it. Accordingly summary judg-

ment should be granted as requested by defendant insofar as the 20.5 mile trackage and line between Wabasso and Evan, Minnesota.

Counsel for the Public Service Commission argues that the defendant by its deliberate action, and by its system of accounting including what he styles "deferred maintenance," over the past years has permitted deterioration of the 20.5 mile stretch and caused the large expenditure now necessary to repair and rebuild the 20.5 miles; that the defendant by "deferred maintenance" has claimed credit, so to speak annually for the cost of maintenance as a means of determining a reasonable return on its investment, its rate base and perhaps other purposes, even though such amount has not actually been expended; that the large figure approximating three-fourths of a million dollars presented to the Interstate Commerce Commission as necessary to repair and restore the 20.5 miles of line would not exist had the defendant made repairs to its tracks and roadbed regularly and when needed; that because of lack of repair, the revenue realized from the abandoned portion has lessened; that the less the revenue the less desire to make repairs and the condition feeds on itself in a vicious circle; that the defendant has intentionally and by design caused the deplorable condition resulting in the Interstate Commerce Commission's order of abandonment. Assuming all of the above, of which there is of course no evidence before the court and nothing but counsel's statement, it does not avail in this proceeding. Counsel is attempting a collateral attack on the Interstate Commerce Commission's order. The above arguments were or could have been properly addressed to the Interstate Commerce Commission. This court however has no authority to determine the merits of this contention in this proceedings nor to brook a collateral attack on the Interstate Commerce Commission's abandonment order from which no appeal was taken.