**In re the Marriage of Geraldine A. HELLERSTEDT, petitioner, Respondent,**

v.

**William E. HELLERSTEDT, Appellant.**

No. C0–87–362.

Court of Appeals of Minnesota.

July 21, 1987.

Review Denied Sept. 30, 1987.

Robert N. Edwards, Anoka, for respondent.

William E. Haugh, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for appellant.

Heard, considered, and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

WOZNIAK, Judge.

William is appealing from a post-decree order denying his request to terminate maintenance. We affirm.

## FACTS

The parties were married in 1951 and divorced by judgment and decree entered on April 14, 1980. At the time of the dissolution, William was a pilot for a major airline. Geraldine held a low-paying part-time job. The parties owned a campground valued at close to a million dollars.

In the original 1980 judgment and decree, the trial court awarded Geraldine 47% of the proceeds from the sale of the campground property, and $761 per month maintenance for fifteen months after the entry of the decree or until the campground property was sold, whichever date was earlier.

When the 15-month maintenance period had nearly expired, Geraldine brought a motion requesting continued maintenance because the campground had not been sold and she was unable to support herself. On May 15, 1981, the trial court denied Geraldine's request for continued maintenance but, finding she was in "necessitous circumstances," ordered that William pay Geraldine $750 per month temporary maintenance until the campground property was sold. It ordered that she reimburse William, with interest, by deducting the payments from her 47% of the proceeds upon the sale of property.

In August 1981, William appealed the trial court's order to a three-member district court panel. William argued that his pension was property awarded to him and could not be impinged upon to pay maintenance to Geraldine. The district court appeal panel affirmed the trial court's modification in the judgment and decree, finding the award was temporary maintenance and not a property settlement modification.

In 1983, William appealed that decision to the Minnesota Supreme Court, but the appeal was dismissed.

Over the years, William has brought three separate motions for termination of maintenance, all of which have been denied. Before the latest motion, William had retired and Geraldine's income had increased. Specifically, before retirement in 1986, William grossed between $9,000 and $11,000 per month. Following retirement, he grossed about $4,000 per month, plus investment income of $450 per month. The trial court found he had living expenses of over $2,500 per month. Geraldine had started a new job and was grossing over $1,000 a month, plus investment income of $240 per month. She had monthly living expenses of $1,500 per month.

On the latest motion, the trial court found that the increase in Geraldine's income and the decrease in William's income was substantial, but that such changes did not make the terms of the prior orders unreasonable or unfair concerning the $750 temporary monthly maintenance payment. Again, the trial court denied William's motion.

### ISSUES

1. Was the trial court's order in 1981, requiring appellant to continue making monthly payments to respondent, void as a modification of a property settlement after the time for appeal had expired?

2. Did sufficient evidence justify the trial court's refusal to terminate maintenance?

### ANALYSIS

1. William argues that the trial court that heard the motion in 1981 erred in continuing the $750 monthly payments because its action constituted a modification of the property settlement after the time for appeal had expired. *See Arzt v. Arzt*, 361 N.W.2d 135, 136–37 (Minn.Ct.App.1985) (trial court cannot modify a division of real and personal property after the original decree has been entered and time for appeal has expired).

■ William argued this throughout the appeal of the 1981 order, to the district court panel, and to the Minnesota Supreme Court. The district court panel affirmed the trial court's modification, finding that modification was maintenance. The supreme court dismissed the appeal. The disposition of this issue by previous appeals is res judicata on this court. *See Personal Loan Co. v. Personal Finance Co.*, 213 Minn. 239, 243, 6 N.W.2d 247, 249 (1942) (a matter litigated and decided on appeal may not be relitigated under a different form in trying to avoid the mandate of the supreme court's disposition of the issue). Implicit in the previous appellate rulings is the understanding that the trial court modified the maintenance paragraph in the 1981 order rather than the property settlement paragraph. Further, under the unique facts of this case, William's pension, as part of his property award, was not modified by the 1981 order because the funds used to pay maintenance must be repaid with interest.

2. William argues that, even if the last order constituted a maintenance award, the trial court erred in failing to terminate maintenance given the change in circumstances.

■ The trial court has broad discretion in its determination of spousal maintenance. This court will reverse only where there is a clearly erroneous conclusion that is against the logic and facts on the record. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

■ In order to modify an award of spousal maintenance, the moving party must demonstrate *both* a substantial change in circumstances *and* unfairness of the existing obligation as a result of the change. *Savoren v. Savoren*, 386 N.W.2d 288, 291 (Minn.Ct.App.1986).

■ In this case, the substantial change in earnings is clear. Geraldine's income increased to a gross income of $1,000 per month, while William's gross income decreased from $11,000 to $4,000 a month when he retired in August 1986. However, William's decrease and Geraldine's increase were not significant enough to render the

award unreasonable and unfair, given, as stated, the unique facts of this case, their disparate monthly incomes and expenses, and Geraldine's obligation to *repay with interest* the maintenance payments upon sale of the campgrounds.

Absent a showing that the modification was unfair and unreasonable, under the facts in this case and the provision for repayment, the trial court did not err in refusing to terminate maintenance.

▪ William states that the trial court failed to make specific findings regarding its failure to terminate maintenance. The court need not make specific findings as long as the findings as a whole reflect statutory factors were considered. *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 83, 249 N.W.2d 168, 172 (1976). Although the trial court did not specifically discuss all the statutory factors in its last order, the trial court's discussion of the previous orders, the disparity in incomes and needs, and the proviso for repayment was sufficient to indicate the statutory factors were considered.

### DECISION

The trial court is affirmed.