## STATE v. ANDREW J. LEFEBVRE.[1]

July 8, 1927.

No. 26,358.

**Application for stay pending appeal to supreme court.**

1. Application of motor vehicle mail carrier for order of court staying operation of order of district court relating to order of railroad and warehouse commission, pending appeal to supreme court, should be made to the district court in the first instance, unless some special or extraordinary reason exists for invoking the power of this court; G. S. 1923, §§ 4651, 4659. [Reporter.]

**When refusal of stay will be concurred in by supreme court.**

2. While an application to this court after district court has denied a similar application is not in the nature of an appeal, this court is disposed to concur with the conclusion of the district court unless the facts presented make it certain that unjustifiable prejudice or injury will be caused by denial of the application. [Reporter.]

Carriers, 10 C. J. p. 650 n. 52.

Original application in this court pursuant to G. S. 1923, § 4659, by the defendant to stay the operation of the order of the district court for Itasca county, from which the appeal is taken. Application denied and order to show cause discharged.

*Alfred L. Thwing* and *R. A. McOuat,* for appellant, in support of stay.

*Clifford L. Hilton,* Attorney General, and *William H. Gurnee,* Assistant Attorney General, for the state.

*Gannon, Strizich & Farnand,* for the Mesaba Transportation Company, and *Ivan Bowen,* for the railroad and warehouse commission, in opposition to stay.

PER CURIAM.

Appellant carried the mail between Hibbing and Grand Rapids under a contract with the post office department and made one daily trip each way for that purpose. He carried passengers on these trips and also made additional daily trips to carry passengers. On May 13, 1925, he made an application to the railroad and warehouse commission, under L. 1925, p. 178,

[1]Reported in 215 N. W. 188.

c. 185, for a certificate authorizing him to transport passengers by motor vehicle between those places. On December 8, 1925, the commission made an order authorizing him to carry passengers on the trips in which he carried mail, but on no other trips. He appealed to the district court and on January 9, 1926, the district court made an order staying the operation of the order of the commission during the pendency of the appeal.

The proceedings in the district court were prolonged by continuances for the convenience of the parties and the decision of that court affirming the order of the commission was not filed until February 14, 1927. Appellant made a motion to amend the findings of fact and conclusions of law so as to grant his application in full. On June 13, 1927, the court made an order amending the findings of fact in certain particulars, but denying the motion in all other respects. Appellant appealed to this court, and applied to this court for an order staying the operation of the order of the district court pending the determination of the appeal.

The statute, G. S. 1923, § 4651, provides that an appeal to the district court from the order of the commission shall not stay the operation of the order unless the court, after notice and hearing, shall so direct. The order of the district court staying the operation of the order of the commission was continued in force until the final order of the court of June 13, 1927.

The statute, G. S. 1923, § 4659, provides that an appeal to the supreme court shall not stay the operation of the order or judgment of the district court, "unless the district or supreme court shall so direct." In connection with the application to the district court for amended findings and other relief, appellant applied to the district court for an order staying the operation of the order and judgment of the court during the pendency of an appeal to the supreme court. This application was denied. The district court having heard and considered the evidence is familiar with the facts and circumstances and in a much better position than this court can possibly be to determine whether the situation is such that a stay ought to be granted at the time the appeal is taken and before the record is filed or the case submitted. For this reason we wish it understood that such application should be made to the district court in the first instance, as was done in this case, unless there be some special or extraordinary ground for invoking the power of this court at the outset.

While an application to this court after a similar application has been denied by the district court is not in the nature of an appeal, yet for the reasons stated we are disposed to give weight to the conclusion reached by that court and to concur therein, unless the facts presented make it reasonably certain that unjustifiable prejudice or injury will result from a denial of the application.

A year and a half has elapsed since the making of the original order, and we find no reason which we deem sufficient to require us to grant a further stay after it has been denied by the trial court.

Application denied and order to show cause discharged.