ARROWHEAD BUS SERVICE, INC. v. BLACK AND WHITE DULUTH CAB COMPANY, INC.
N. J. HOLMBERG, RELATOR.[1]

May 21, 1948.

No. 34,684.

[1]Reported in 32 N. W. (2d) 590.

*J. A. A. Burnquist,* Attorney General, and *George T. Simpson,* Special Counsel, for relator.

*M. J. McKeon,* for respondent.

LORING, CHIEF JUSTICE.

Upon the petition of the railroad and warehouse commission, represented by the attorney general, an alternative writ of prohibition was issued by this court to the district court for St. Louis county, the Honorable Mark Nolan, judge, Fred Ash, clerk of that court, and the Arrowhead Bus Service, Inc., commanding that they refrain from further proceedings in the matter of the appeal to that court from an order of the commission dated July 24, 1946, in which the commission determined that it had no jurisdiction over the Black and White Duluth Cab Company, Inc. The commission, by the attorney general, had moved for a dismissal of the appeal, but the district court had denied the motion and heard evidence as upon a trial *de novo.* It concluded that the commission had jurisdiction of the cab company; that its order determining otherwise was unlawful and unreasonable; and that it should have issued a cease and desist order against the cab company to refrain from the violations complained of by the Arrowhead Bus Service. It ordered that judgment be entered directing the commission "to take further proceedings in the premises consistent with this order and the judgment to be entered pursuant thereto." Thereupon, the commission, by the attorney general, petitioned for this writ.

1. A writ of prohibition is a preventive remedy not available to correct errors or reverse illegal proceedings. Huhn v. Foley Bros. Inc. 221 Minn. 279, 22 N. W. (2d) 3. Consequently, the sole question presented here is whether the order for judgment directs a judgment in excess of the jurisdiction of the court. We do not review the questions sought to be presented as to past errors in the record.

2. In effect, the district court has ordered a judgment which directs the commission to enter an order determining that certain actions of the Black and White Duluth Cab Company are violations of law and to issue a cease and desist order against that company as to such violations. This the court may not do. It exhausts its powers when it determines whether the commission's orders are unreasonable or arbitrary. It may not go further and direct the commission as to what order it must enter and then direct it to issue a cease and desist order in furtherance of the order it assumes to direct the commission to make. Steenerson v. G. N. Ry. Co. 69 Minn. 353, 72 N. W. 713; State and R. R. & W. H. Comm. v. M. & St. L. R. Co. 209 Minn. 564, 297 N. W. 189; State v. Tri-State T. & T. Co. 204 Minn. 516, 284 N. W. 294.

The court may not assume the functions of the commission. To do so would be an unconstitutional assumption of legislative powers. State v. G. N. Ry. Co. 130 Minn. 57, 153 N. W. 247, Ann. Cas. 1917B, 1201. In a proper case, it may determine the sufficiency of the evidence to support a finding or examine questions of law arising from such findings or in rate cases determine whether rates are confiscatory. It may exercise judicial, but not legislative or administrative, powers. Minnesota Rate Cases, 230 U. S. 352, 33 S. Ct. 729, 57 L. ed. 1511, 48 L.R.A.(N.S.) 1151, Ann. Cas. 1916A, 18.

3. Respondent takes the position that the commission is not an interested party, but when the district court on appeal from an order of the commission orders a judgment requiring the commission to do something beyond the jurisdiction of the court, the state, through the attorney general, acquires an interest sufficient to justify an application for a writ of prohibition. M. S. A. 216.24.

That the attorney general seeks the writ in the name of the commission, or a member of it, is at worst an irregularity. The writ is made absolute insofar as it prohibits the district court from entering a judgment directing the commission to make an order that the Black and White Duluth Cab Company cease and desist from the acts alleged to be violations of the order so directed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.

MR. JUSTICE KNUTSON, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.

