# ROCK ISLAND MOTOR TRANSIT COMPANY v. MURPHY MOTOR FREIGHT LINES, INC.[1]

### May 8, 1953.

### No. 35,947.

[1]Reported in 58 N. W. (2d) 723.

*Perry R. Moore* and *Mackall, Crounse, Moore, Helmey & Palmer*, for appellant.

*Philip Stringer, M. L. Cassell,* and *Sullivan, Stringer, Donnelly & Sharood,* for respondent.

KNUTSON, JUSTICE.

Appeal from a judgment of the district court affirming orders of the railroad and warehouse commission granting a restricted certificate of convenience and necessity.

In 1945 respondent, referred to hereinafter as the petitioner, filed a petition for a certificate of public convenience and necessity under L. 1925, c. 185, as an auto transportation company to operate between the Twin Cities and the Iowa border through designated points on the route specified. The commission granted a limited certificate. On appeal the district court affirmed. We reversed, holding that the certificate granted was invalid for the reasons stated in our opinion. Rock Island Motor Transit Co. v. Murphy Motor Freight Lines, Inc. 229 Minn. 291, 40 N. W. (2d) 896. Many of the pertinent facts are set forth therein and will not be repeated here except insofar as it is necessary for a determination of the questions now before us. The district court thereupon attempted to limit the effect of our decision. Upon application, we issued our writ of mandamus commanding the district court to vacate and set aside the whole of the order. State ex rel. Murphy Motor Freight Lines, Inc. v. District Court, 230 Minn. 560, 42 N. W. (2d) 426. The court promptly complied. Thereafter, at the request of the commission, petitioner moved for an order in harmony with the decision of this court. After a hearing on the motion, the com-

mission issued its order, which, as amended, is dated June 21, 1951, and reads as follows:

"That the order in said A. T. C. Order No. 1292-3, as amended by A. T. C. Order No. 1292-4, be vacated and set aside, and in lieu thereof, based upon the opinion and findings in this matter dated May 10, 1951, the Commission makes the following order, to-wit:

"That upon full compliance by the applicant, the Rock Island Motor Transit Company, within 30 days from the date hereof, with the laws, rules and regulations of the Commission governing the operations of an auto transportation company, that it be granted a certificate to operate as such in the transportation of freight from the Iowa-Minnesota State Line via Highway 65 to Albert Lea, thence over Highway 65 to Owatonna, Minnesota; thence over U. S. Highway 65 to Minneapolis and return, with service to all intermediate points, except as hereinafter restricted.

"Between Farmington, Minnesota, and St. Paul, Minnesota, over U. S. Highway 218 and return over this same route, also, all intermediate points within 10 miles of Minneapolis and St. Paul;

"Subject to the following restrictions:

"1. That applicant, Rock Island Motor Transit Company, shall transport only such property as is tendered it by the Chicago, Rock Island & Pacific Railroad Company for transportation.

"2. That applicant shall not render any service to, from or between any points on the above mentioned routes which is not a station on a rail line of the aforesaid Chicago, Rock Island & Pacific Railroad Company. Shipments moving between points on the routes herein authorized shall be transported under the terms and conditions of applicant's own bills of lading, and the rates to be charged to the original shipper or the ultimate receiver shall be the rates prescribed by this Commission for auto transportation companies."

On appeal to the district court the order of the commission was affirmed, and this appeal from the judgment which was entered followed.

In the first appeal to this court, Rock Island Motor Transit Co. v. Murphy Motor Freight Lines, Inc. 229 Minn. 291, 40 N. W. (2d) 896, *supra,* we held: (1) That petitioner, even though it is a wholly owned subsidiary of the Chicago, Rock Island & Pacific Railway Company, is an "auto transportation company" within the meaning of M. S. A. 221.02, subd. 8, and, as such, it must obtain a certificate of public convenience and necessity before it could furnish the service described in its petition; (2) that a railroad, if it otherwise qualifies as an auto transportation company, may apply for a certificate under L. 1925, c. 185, irrespective of L. 1933, c. 170; (3) that the evidence was amply sufficient to sustain the commission's findings of convenience and necessity; and (4) that all factors prescribed by § 221.08 in determining whether a certificate of public convenience and necessity should be granted were taken into consideration by the commission.

We held (229 Minn. 298, 40 N. W. [2d] 901) the certificate originally issued invalid for the reason therein expressed that—

"the railroad, and not plaintiff, deals with the public, although it is plaintiff which actually transports the public goods. Plaintiff has no fixed tariffs, schedules, or other data which the commission may and is required to regulate and supervise in the public interests by virtue of obligations imposed upon it by the legislature.

"It must be remembered that it is plaintiff, and not the railroad, which must be regulated by the commission under L. 1925, c. 185. It is plaintiff, and not the railroad, which must file tariffs, schedules, and like data. It is plaintiff, and not the railroad, which must be regulated in all matters affecting its relationship with the shipping public. It is plaintiff, and not the railroad, whose facilities, accounts, service, and operations must be subject to regulation by the commission.

\* \* \* \* \*

"* * * The certificate here which combines rail and truck services in effect places plaintiff beyond the restrictive provisions of c. 185 and permits it, as an auto transportation company, to operate over the proposed route under rail rates and rail regulations.

"For the reasons expressed, we hold that the *certificate of convenience and necessity* here challenged was in excess of the commission's power and in direct conflict with the statutory provisions governing the regulation of auto transportation companies."

On rehearing we said (229 Minn. 300, 40 N. W. [2d] 902):

"* * * The certificate here determined invalid, authorized combined rail-truck service by an auto transportation company intended to be regulated under c. 185, but under conditions, methods, tariffs, and rates requiring regulation under statutes governing rail transportation."

See, also, State ex rel. Raymond Bros. Motor Transp. Co. v. R. R. & W. H. Comm. 236 Minn. 339, 52 N. W. (2d) 769.

In State ex rel. Murphy Motor Freight Lines, Inc. v. District Court, 230 Minn. 560, 42 N. W. (2d) 426, *supra,* we held that the district court lacked power to limit the certificate issued by the commission and that, if it found that the commission's order was unlawful or unreasonable, or if on appeal to this court it was so determined, it was incumbent upon the district court to vacate the whole order of the commission. This decision is in line with our other decisions respecting the function of the commission and the powers of the court on appeal from the decision of the commission.

■ We have frequently held that the power to issue a certificate of public convenience and necessity is legislative and administrative in character. Steenerson v. G. N. Ry. Co. 69 Minn. 353, 72 N. W. 713; State v. Tri-State T. & T. Co. 204 Minn. 516, 284 N. W. 294; State and R. R. & W. H. Comm. v. M. & St. L. R. Co. 209 Minn. 564, 297 N. W. 189. The appellate function of the court embraces no power of revision. State and Port Authority of St. Paul v. N. P. Ry. Co. 229 Minn. 312, 39 N. W. (2d) 752. The power of the railroad and warehouse commission in granting a certificate of convenience and necessity or denying the same is well stated in State and R. R. & W. H. Comm. v. M. & St. L. R. Co. 209 Minn. 571, 297 N. W. 193, *supra,* as follows:

"The power to issue certificates of public convenience and necessity is legislative and administrative in character. That function has been delegated by law to the commission. The district court does not have the power on appeal or otherwise to exercise legislative or administrative power. On appeal from an order of the commission the court examines the whole matter in controversy to determine whether the evidence reasonably tends to support the findings of fact upon which the order must be based and to examine the questions of law arising from such facts. In deciding an appeal, the court, for lack of power, does not assume to exercise the functions of the commission and to substitute its own findings for those of the commission. Nor does it act on its own conception of the wisdom of the order brought before it for review. It decides only the judicial questions whether the order is reasonably supported by the evidence and whether it is lawful and reasonable. It does not try the case *de novo*."

See, also, State of Minnesota v. C. M. St. P. & P. R. Co. (D. C.) 50 F. (2d) 430; Rock Island Motor Transit Co. v. Murphy Motor Freight Lines, Inc. (D. C.) 101 F. Supp. 978.

It is the contention of appellant that when an order of the commission is vacated by the district court the matter has come to an end and that in order to obtain any relief thereafter the applicant for a certificate must start all over with a new petition. Our statute (M. S. A. 216.25),[2] under which this appeal is taken, does not ex-

[2]As far as here pertinent, § 216.25 provides:

"* * * If the court shall determine that the order appealed from is lawful and reasonable, it shall be affirmed and the order enforced as provided by law. If it shall be determined that the order is unlawful or unreasonable, it shall be vacated and set aside. Such appeal shall not stay or supersede the order appealed from unless the court upon examination of the order and the return made on the appeal, and after giving the respondent notice and opportunity to be heard, shall so direct. If such appeal is not taken such order shall become final, and it shall thereupon be the duty of the carriers affected to adopt and publish the rates or classifications therein prescribed."

pressly provide for a remand by the district court when an order of the commission is vacated and set aside.

The questions presented here have not heretofore been passed upon by this court. There is little authority elsewhere. Cases from other jurisdictions, involving statutes which either expressly provide for a remand or otherwise differ in language, are of little help. Neither are cases of any help which involve the question of what action may be taken by the commission while the appeal is pending before the district court or the supreme court. That is not the question involved here.

In Tamiami Trail Tours, Inc. v. Florida R. Comm. 128 Fla. 25, 174 So. 451, the commission denied a petition for a certificate of public convenience and necessity to operate a passenger bus. The case came before the court for review upon a writ of certiorari. Apparently the scope of review by certiorari in Florida is similar to the scope of review under M. S. A. 216.25. The order of the railroad commission was quashed by the court. Upon rehearing the Florida court said (128 Fla. 31, 174 So. 453):

"On certiorari the appellate court only determines whether or not the tribunal or administrative authority whose order or judgment is to be reviewed has in the rendition of such order or judgment departed from the essential requirements of the law and upon that determination either to quash the writ of certiorari or to quash the order reviewed.

"When the order is quashed, as it was in this case, it leaves the subject matter, that is the controversy pending before the tribunal, commission or administrative authority as if no order or judgment had been entered and the parties stand upon the pleadings and proof as it existed when the order was made with the rights of all parties to proceed further as they may be advised to protect or obtain the enjoyment of their rights under the law in the same manner and to the same extent which they might have proceeded, had the order reviewed not been entered.

"The appellate court has no power when exercising its jurisdiction in certiorari to enter a judgment on the merits of the controversy

under consideration, nor to direct the respondent to enter any particular order or judgment."

In State ex rel. Transcontinental Bus Service, Inc. v. Carmody, 53 N. Mex. 367, 208 P. (2d) 1073, the state corporation commission granted a certificate of public convenience and necessity to operate a passenger, baggage express, and mail service. An action was commenced to set aside the order of the commission as unlawful and unreasonable. The judge before whom the case was pending advised counsel on both sides that he intended to remand the case to the commission for further hearing upon the question of the adequacy of existing facilities. Contending that the court had no power to remand, relator obtained a writ of prohibition from the supreme court. While the case did not involve the precise question before us, the court's language in discussing the question of remand is quite interesting. The court said (53 N. Mex. 377, 208 P. [2d] 1079):

"The kind of remand we are here talking about is one for the taking of additional testimony preliminary to deciding reasonableness or lawfulness of the order under review, as enjoined by the statute. *Of course,* when the reviewing court has decided this basic question, *if judgment vacating the questioned order be entered, then with or without any formal order of remand, the cause will stand remanded to the administrative board for the conduct of such further proceedings as lie within its statutory powers."* (Italics supplied.)

In Erie R. Co. v. United States (D. C.) 59 F. Supp. 748, a suit was brought to set aside an order of the interstate commerce commission requiring petitioner to reduce its rates. The court held that the action of the commission was arbitrary, and it was reversed. Thereafter, the commission, on its own motion, reopened the case for rehearing and took further evidence. The railroad company appeared specially and objected to the jurisdiction of the commission, contending that when the court set aside the order of the commission the commission had no authority to proceed in the case. Here, again, the federal statutes are somewhat different from ours,

but the language of the court is quite apropos. On rehearing (64 F. Supp. 162, 163) the court said:

"* * * Since this court set aside the Commission's order the plaintiffs contend that the Commission had no authority to proceed in the case.

"We think this contention has no merit. The statute specifically provides that the Commission is authorized to 'suspend or modify its orders upon such notice and in such manner as it shall deem proper.' Section 16(6). This provision invests the Commission with a continuing jurisdiction, and the provision in § 15(2) above quoted does not create nor contemplate any limitation upon the continuing jurisdiction. It provides that after an order of the Commission is suspended or set aside by a court, it is no longer effective. But neither expressly nor by necessary implication does it provide that after the court has set aside one of its orders the Commission can take no further action with reference to the subject matter of the order. In this case the construction contended for would result in the absurd conclusion that when a court has determined that the Commission erred in issuing an order not based on evidence, the Commission is not empowered to acquiesce in the court's ruling and to reopen the case for the taking of evidence. Such a result is neither required nor authorized by the statute."

In 2 vom Baur, Federal Administrative Law, § 790, we find the following statement:

"The express provision of remand, with or without specific directions, is not always necessary to institute further administrative proceedings. The failure to remand a case to an administrative agency for a specific purpose does not preclude further administrative proceedings. An agency is always free to conduct such further proceedings as lie within its statutory powers, and when an administrative order has been invalidated upon judicial review it is often necessary that further administrative proceedings be had in the absence of specific remand by the court."

· We think the only feasible rule is that, when an order of the commission is set aside and vacated by the court upon an appeal under § 216.25, the matter stands before the commission exactly as if no order had been made and that, with or without an order remanding the case to the commission, the commission may take such further action as it deems necessary, consistent with the law as it has been determined by the court, in order finally to dispose of the application pending before it. Any other rule would lead to absurd results in many cases. For instance, where a petition for a certificate of convenience and necessity was denied and the court on appeal determined that the commission's order was unlawful or unreasonable and set it aside, if the commission had completely lost jurisdiction to proceed any further, it would mean that the appellant would be left in the unenviable position of a successful litigant who had no legal proceeding available to him by which he could obtain the relief which the court had determined he was entitled to. We do not believe that such a result could have been intended by the legislature. On the other hand, if the commission is permitted to proceed to determine the matter on the basis of the law as it has been determined by the courts on appeal, full relief will be available to everyone.

That the commission is not completely divested of jurisdiction on an appeal is apparent from § 216.25. That section provides, among other things:

"* * * Such appeal shall not stay or supersede the order appealed from unless the court upon examination of the order and the return made on the appeal, and after giving the respondent notice and opportunity to be heard, shall so direct."

See, State v. Lefebvre, 172 Minn. 601, 215 N. W. 188. It is apparent from this statutory provision, as construed by our cases, that the commission retains jurisdiction of the matter for regulatory purposes even pending the appeal. It is true that the above statute provides that upon taking an appeal "the district court shall have jurisdiction over the appeal." This does not mean that once the

appeal is determined the commission has no further jurisdiction to proceed to a complete determination of the matter in accordance with the court's determination of the law.

The case of Arrowhead Bus Service, Inc. v. Black & White Duluth Cab Co. Inc. 226 Minn. 327, 32 N. W. (2d) 590, cited and relied upon by appellant, is not out of harmony with this holding. All that case holds is that the court may not direct the commission what to do. The court exhausts its authority when it has determined that the order is invalid. This case is in harmony with the other cases cited above, some of which are cited therein. It does not hold that, once the order of the commission is held to be unlawful or unreasonable, the commission is left without power to proceed further with a determination of the matter on the basis of the law as the court has found it to be; nor has our attention been called to any case so holding.

2.   Having determined that the commission had jurisdiction to proceed, the next question presented is: Did it have the power to make the order which it did? We think that this question must be answered in the affirmative.

M. S. A. 221.08 provides for the issuance of certificates of public convenience and necessity. Among other things, the statute contains the following provision:

"* * * The commission may issue the certificate as prayed for, or issue it for the partial exercise only of the privilege sought; and may attach to the exercise of the rights granted by such certificate, such terms and conditions as, in its judgment, the public convenience and necessity may require."

Under this statutory provision a certificate of public convenience and necessity may be restricted to a partial exercise of the right sought, and the commission may attach to the exercise of the right granted such terms and conditions as, in its judgment, the public convenience and necessity may require, as long as it stays within the statutory authority granted to it pertaining to auto transportation companies.

The application for a certificate of public convenience and necessity in State ex rel. Raymond Bros. Motor Transp. Co. v. R. R. & W. H. Comm. 236 Minn. 339, 52 N. W. (2d) 769, is indistinguishable from the certificate issued in this case. We held in that case that the commission had jurisdiction to proceed with the hearing of the petition. We did not pass on the validity of the certificate finally issued. We did, however, point out that the original certificate issued in this case was invalid because it contained the features mentioned above which are not permissible under our laws. We held in both cases that applicant here is an auto transportation company within the meaning of § 221.02, subd. 8, even though it is a wholly owned subsidiary of the railroad. The certificate now issued is within the permissible authority vested in the commission under § 221.08.

■ The next contention of appellant is that the commission lacked authority to issue the certificate now before us for the reason that the evidence in the original proceeding was not offered on the issue of public convenience and necessity, as contemplated by the statute, but for a certificate with restrictions which lawfully could not be imposed, that, hence, a lawful certificate cannot be granted on such evidence, and that for that reason there has been a denial of due process of law.

Appellant's contention is untenable for several reasons. In the first place, the original petition is in the usual form of an unrestricted petition for a certificate of public convenience and necessity, except that it contains the following proposal:

"Applicant proposes, in so far as lawfully possible, to limit service to transportation between the railroad stations of, or available to, The Chicago, Rock Island and Pacific Railway Company at the points listed above, and to accept and transport commodities for said Railway Company only."

The application contains no request for a certificate of the type issued in the original proceeding based upon railway bills of lading

and railway rates. The prayer for relief in the original petition is a general one. It reads:

"Wherefore, your petitioner prays that a certificate of public convenience and necessity be issued permitting your petitioner to operate and carry on the business of an auto transportation company as contemplated and set forth in the above and foregoing petition."

It is not denied that due and proper notice of the hearing on the original petition was served. The original record of the evidence received on that hearing is not before us. However, in the original case we found that the evidence sustained the commission's finding of convenience and necessity.

In the second place, appellant did appear at the hearing on this motion. No application for leave to submit further evidence was made before the commission. Neither was any application made for leave to submit additional evidence on the hearing before the court on appeal. If appellant felt that the evidence was incomplete, it then had two opportunities to apply for leave to submit further evidence.

Section 216.25 provides that the findings of fact of the commission—

"shall be prima facie evidence of the matters therein stated, and the order shall be prima facie reasonable, and the burden of proof upon all issues raised by the appeal shall be on the appellant."

Here the commission has found that convenience and necessity exist. The evidence to establish that finding is not before us, and no further evidence was offered by appellant before the court on appeal; as a consequence, the finding of the commission must now be held to be conclusive.

■ Appellant also complains that service was not made as is required in the case of an original petition. This proceeding came before the commission by motion at the commission's own request. It being our holding here that when an order of the commission is vacated and set aside by the court the matter rests with the com-

mission for final disposition the same as if no order had been made, it must follow that the service required for institution of proceedings on an original petition is not required for a hearing for final disposition after a decision by the court. The manner in which the petition shall be finally disposed of by the commission is procedural only. Such matters must be left to the commission as long as it does not proceed contrary to statutory provisions. C. & N. W. Ry. Co. v. Verschingel, 197 Minn. 580, 268 N. W. 2, 709. The commission could proceed by motion, or on its own motion, to dispose of the matter upon the evidence before it and in harmony with the law as the court had determined it to be. We find no violation of due process.

Having found that public convenience and necessity existed, which finding we have held was sustained by the evidence, the commission could have issued an unrestricted certificate. Under the statute, it could likewise issue a limited certificate as has been done here. The evidence being sufficient to justify the issuance of an unrestricted certificate, appellant is hardly in a position to complain that the commission issued a restricted certificate as long as such restricted certificate was in conformity with the law and did not exceed the jurisdiction of the commission as the original certificate did. The features rendering the original certificate void have been eliminated in the new certificate. The certificate now before us was within the statutory authority vested in the commission and must be held to be valid.

Affirmed.

Mr. Justice Thomas Gallagher took no part in the consideration or decision of this case.