**INDIANHEAD TRUCK LINE, INC.,**
Plaintiff,

v.

**UNITED STATES** of America and Interstate Commerce Commission,
Defendants,
and
Transport, Inc., Intervening Defendant.

**No. 4–65–Civ.–145.**

United States District Court
D. Minnesota,
Fourth Division.

Jan. 31, 1966.

Paul C. Gartzke, Madison, Wis., and James L. Nelson, St. Paul, Minn., for plaintiff.

John H. D. Wigger, Atty., Dept. of Justice, Donald F. Turner, Asst. Atty. Gen., Washington, D. C., and Miles W. Lord, U. S. Atty., Minneapolis, Minn., for defendant United States.

Robert W. Ginnane, Gen. Counsel, and Clarence William Vandegrift, Washington, D. C., for defendant Interstate Commerce Commission.

Ronald B. Pitsenbarger, Moorhead, Minn., and Donald A. Morken, Minneapolis, Minn., for intervenor.

Before BLACKMUN, Circuit Judge, DEVITT, Chief District Judge, and NORDBYE, District Judge.

DEVITT, Chief Judge.

This is an action brought under 28 U.S.C.A. §§ 1336, 1398, 2284 and 2321-2325 to enjoin, annul and set aside a Report and Order of the Interstate Commerce Commission entered February 25, 1965 in its Docket No. MC–101075 (Sub-No. 79) Transport, Inc. Extension—Superior, Wisconsin. Jurisdiction is established.

By application filed February 28, 1963 Transport, Inc., the intervening defendant here, requested a certificate of public convenience and necessity from the Commission to operate as a common carrier over certain specified routes transporting petroleum and petroleum products in bulk from the Superior, Wisconsin area to points in Minnesota.

A hearing was held in Minneapolis, Minnesota on June 21, 1963 before Joint Board No. 142 representing the states of Minnesota and Wisconsin. The plaintiff here, a competing motor carrier, and two other carriers, Hvidsten Transport, Inc. and Ruan Transport Corporation, appeared at the hearing and protested the application.

The Joint Board heard testimony and on April 29, 1964 served its Report and Recommended Order recommending the grant of authority substantially as requested. On November 10, 1965 the Interstate Commerce Commission adopted the Recommended Report and Order of the Joint Board with certain modifications so as to authorize Transport, Inc. to transport—

Petroleum and petroleum products, in bulk, as defined in Appendix XIII to the Report in Descriptions in Motor Carrier Certificates 61MCC209, from Superior, Wis., to points in Minnesota except points in that part of Minnesota on and north of the southern boundary of Polk County, extending from the Minnesota-North Dakota State Line to junction U. S. Highway 59, thence on and west of U. S. Highway 59 to Halma, Minn., thence on and south of an unnumbered Minnesota highway extending from Halma through Kennedy, Minnesota to Red River, Minn.

Petitions for reconsideration were filed. On February 25, 1965 the Commission, Division 1, acting as an appellate division, denied the petitions for reconsideration, and this action followed.

Plaintiff complains that the Commission erred in granting Transport, Inc. the broad authority to transport all petroleum and petroleum products because such was beyond the requirements of the public convenience and necessity in that the evidence presented to the Joint Board was confined only to asphalt products, and also that the Commission erred in not imposing a plant site restriction on the origin of the authority.

The pertinent statute here involved is 49 U.S.C.A. § 307(a) which sets forth the conditions under which a certificate of public convenience and necessity may be issued by the Commission. It provides as follows:

Subject to section 210, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this part and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied: * * *

The term "public convenience and necessity" contained in this statute has not been defined by the Congress, but the courts have interpreted it as vesting a wide range of administrative discretion in the Commission to draw its conclusion from the great variety of circumstances

which may exist in specific instances. Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051. A similar statute authorizing the issuance of certificates to water carriers, 49 U.S.C.A. § 909(c), has received a similar interpretation. United States v. Detroit and Cleveland Navigation Co., 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38.

■ And so in appeals such as this the courts are authorized to exercise only a very limited scope of review, and that is whether there is warrant in the law and the facts for the Commission's action. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; Great Northern Railway Co. v. United States, D.C., 209 F.Supp. 238 and cases there cited. See also Motor Truck Supply Co., et al. v. United States, D.C., 238 F.Supp. 645.

■ With this restricted province in mind, we have examined the contentions of plaintiff in the light of the law and the record made before Joint Board No. 142 and conclude that the Commission's determination that the present and future public convenience required the grant of authority was a permissible one supported by substantial evidence.

It is true that the complaint by the Murphy Corporation, the only shipper which produced witnesses who appeared and testified in behalf of Transport, Inc., was to the effect that its business was being injured by the lack of vehicles capable of transporting asphalt from Superior, Wisconsin, to points in Minnesota from about May to December in each year. In this respect the argument of the plaintiff that the certificate granted the applicant should have been limited to the need shown, to wit, transportation of asphalt, may seem to have some validity. However, there is additional testimony in the record that other products of Murphy Corporation, such as gasoline and certain brands of fuel oil, were not being adequately serviced by available carriers.

The contention that plant site restrictions should have been imposed is not sustained. The court in Younger Broth-

ers, Inc. v. United States, 238 F.Supp. 859, 861 (S.D.Texas, 1965), observed:

 * * * there was here abundant proof of (a) substantial present and future need and (b) inadequacy of existing service. That this evidence was related solely to PPGC [in our case Murphy Corporation] did not compel a plant site restriction. The Commission, both for conceptual and practical reasons, adheres to the course of imposing plant site restriction on common carrier certificates only in the rare and exceptional case in which clear and convicing evidence demonstrates that such a limitation is required in the public interest.

■ We must assume that the Commission was aware of its prior rulings when it made its order in this case, and could have imposed a plant site restriction had it deemed it necessary. The fact that it chose not to do so is convincing that it concluded that the facts which were before it did not warrant such a restriction.

The complaint is dismissed.