MINNESOTA DISTILLERS,
INC., Petitioner,

v.

Joseph NOVAK, Liquor Control Commissioner of Minnesota, Respondent.

No. 47770.

Supreme Court of Minnesota.

Feb. 3, 1978.

Flora, Johnston & Larson and Stephen P. Larson, Long Prairie, for petitioner.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Stephen P. Kilgriff, Sp. Asst. Atty. Gen., St. Paul, for respondent.

KELLY, Justice.

This is an appeal from an order of the district court requiring defendant to enforce certain procedures with respect to price filings by liquor wholesalers in the State of Minnesota pending promulgation of new rules by the Liquor Control Division of the Department of Public Safety. We reverse.

Plaintiff, Minnesota Distillers, Inc., is a corporation organized under the laws of Minnesota and is engaged in the wholesaling of intoxicating liquors to retailers within the state. Defendant, Joseph Novak, is Director of the Liquor Control Division of

the Minnesota Department of Public Safety.[1]

The Liquor Control Division is charged with the duty of regulating the manufacture, distribution and sale of intoxicating liquor in the State of Minnesota, and effecting the objects of the state's intoxicating beverage statutes, Minn.St. c. 340 and § 299A.02. Section 340.983 requires liquor wholesalers to file price schedules with the division and reads in part as follows:

"No brand owner or wholesaler of distilled liquor or wine shall sell, offer for sale, or solicit any order for distilled liquor or wine unless a schedule of wholesale prices, which shall include varying volume prices, is filed with the commissioner, on a form prescribed by him, and no sales shall be made except in accordance with such prices. * * * The filings required under this section shall be made not later than the first day of each month, and the schedule of filed prices shall be effective from that day until the first day of the next month, provided that any filing may be amended within five days after its filing."

Division rule Minn.Reg.Liq. 38(g)(10) provides that a wholesaler may amend his volume discount schedule within 5 days of the monthly filing deadline, but may not thus reduce his net price for the particular product below the lowest price originally filed for that month by a competitor.

On February 12, 1976, defendant issued an office memorandum directing wholesalers to file a single price for each product that included all discounts and terms offered to retailers. This required wholesalers to include in their filings discounts given for prompt payment (credit terms). Plaintiff brought an action in district court pursuant to § 15.0416 seeking a declaration that the February 12 directive was invalid for failure to comply with the rulemaking provisions of the Administrative Procedure Act, § 15.0412, and an injunction restraining the division from enforcing the directive. A temporary restraining order was issued on February 27, 1976, and a temporary injunction granted on June 24, 1976. In April 1977, defendant moved for an amendment to the June 24 order, and plaintiff moved for summary judgment. On April 27, 1977, the trial court granted the motion for summary judgment and made its injunction permanent. Finding that since its order of June 24, 1976, some liquor wholesalers had included various credit terms in their monthly filings while others had not, thus making comparison of final prices impossible and giving some wholesalers a competitive advantage each month, the court further ordered the division to enforce the following procedures until it adopted new rules governing filings or until December 31, 1977, whichever occurs first:

"1. Any discounts based on the promptness of payment (credit terms) shall be filed along with the schedule of varying volume prices required by Minn.Stat. § 340.983 (1976).

"2. Credit terms shall be understandable and enforceable by the Division, and shall apply uniformly and consistently to all brands filed.

"3. If a wholesaler elects to file amended prices pursuant to Minn.Stat. § 340.-983, he may not file a price that is lower than the lowest price filed on the first of the month for that product by any wholesaler, and any credit term filed to meet competition may not be filed on a basis more favorable than the terms of the competitive schedule or reduce the net price of the brand, type or size container below the net price of the competitive schedule for the same quantity.

"4. The Division shall reject any price schedule which does not comply with the requirements set forth above."

Plaintiffs appealed from that portion of the order prescribing the procedure to be followed by the division with regard to price filings.

The sole question raised by these facts is whether the district court may pre-

---

1. The duties and functions of the Liquor Control Commissioner were transferred to the Commissioner of Public Safety on February 7, 1976, pursuant to Minn.St. 340.081.

scribe the manner in which the Liquor Control Division is to perform the functions delegated to it by the legislature.

Defendant contends that the trial court's order was a valid exercise of its equitable powers that placed all wholesalers on an equal basis until the division promulgated new rules governing price filings. We believe that this contention understates the nature and effect of the order. See, *Northwestern Bell Telephone Co. v. State*, 299 Minn. 1, 216 N.W.2d 841 (1974); *In re Certain School Districts, Freeborn County*, 246 Minn. 96, 74 N.W.2d 410 (1956); *State ex rel. Richter v. Swenson*, 243 Minn. 42, 66 N.W.2d 17, certiorari denied, 348 U.S. 893, 75 S.Ct. 225, 99 L.Ed. 702 (1954). In *In re Certain School Districts, Freeborn County, supra*, we stated:

"While the legislature cannot confer upon the courts legislative power, it can and does give to the court power to review the action of the administrative agency upon which it has conferred the legislative power to the extent that the courts will decide whether there has been an abuse of discretion vested in such agency. *The power of review does not encompass the legislative function of determination* but, rather, the power to prevent the administrative agency from exceeding its power by an arbitrary abuse of discretion." (Italics supplied.) 246 Minn. 106, 74 N.W.2d 417.

When the court finds that the administrative agency has exceeded its powers, it may declare the agency action invalid, but the invalidity of agency action does not transfer the agency's legislative powers to the court. In *Northern States Power Co. v. City of St. Paul*, 256 Minn. 489, 99 N.W.2d 207 (1959), we upheld an injunction restraining the city from enforcing a noncompensatory natural gas rate and from interfering in the power company's collection of a reasonable rate. But the injunction did not purport to exercise the city's ratemaking powers,

"* * * but simply preserve[d] the status quo of the parties until the case is finally determined on its merits or until

the ratemaking body proceeds to fix a rate that is compensatory." 256 Minn. 496, 99 N.W.2d 212.

The trial court here went beyond simply preserving the status quo. It found that the "net effect of not including credit * * has been chaos * * * " and attempted to restore order by directing the Liquor Control Division to require the filing of credit terms. But the authority to regulate the price filings required by § 340.983 rests not in the courts but in the agency. Whether fulfillment of the purposes of Minn.St. c. 340 necessitates the inclusion of credit terms in price filings must be determined by the agency, and if the agency so determines, it may adopt appropriate regulations.

As we stated in *Arrowhead Bus Service, Inc. v. Black & White D. C. Co. Inc.* 226 Minn. 327, 329, 32 N.W.2d 590, 592 (1948),

"The court may not assume the functions of the commission. To do so would be an unconstitutional assumption of legislative powers. * * * In a proper case, it may determine the sufficiency of the evidence to support a finding or examine questions of law arising from such findings or in rate cases determine whether rates are confiscatory. It may exercise judicial, but not legislative or administrative, powers. [Citations omitted.]"

We conclude that the portion of the trial court's order of April 27, 1977, establishing the procedures which the Liquor Control Division is to follow with regard to price filings constitutes an infringement on the agency's legislative powers and should be vacated.

Reversed and remanded for further proceedings not inconsistent with this opinion.

OTIS, J., took no part in the consideration or decision of this case.