In the Matter of the Petition of BUR-LINGTON NORTHERN RAILROAD COMPANY to Establish a Centralized Freight Agency at St. Cloud, Minnesota.

No. C8–84–1244.

Court of Appeals of Minnesota.

Dec. 18, 1984.

Peter M. Lee, Fort Worth, Tex., for Burlington Northern R. Co.

Hubert H. Humphrey, III, Atty. Gen., Donald J. Mueting, Sp. Asst. Atty. Gen., St. Paul, for Department of Transp., State of Minn.

Katherine E. Sasseville, Robert W. Bigwood, Fergus Falls, for The Rail Action Coalition (TRAC).

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., without oral argument.

## OPINION

POPOVICH, Chief Judge.

Burlington Northern Railroad Company seeks review of the Commissioner of Transportation's decision which granted Burlington Northern's petition to (1) terminate base agency service at Anoka and Little Falls, (2) transfer their functions to a centralized location in St. Cloud, and (3) close the depot buildings to the public. The Commissioner denied Burlington Northern's request to (1) terminate the base agency service at Fergus Falls, (2) close that depot building to the public and (3) transfer its functions to St. Cloud. Bur-

lington Northern contends the Commissioner's order with regard to Fergus Falls is contrary to the standards of public convenience and necessity for freight agency service as provided by Minn.Stat. § 219.85 (1982) and is unsupported by substantial evidence in view of the entire record. We affirm.

## FACTS

Burlington Northern sought authority from the Minnesota Department of Transportation to terminate its base freight agencies at Anoka, Little Falls and Fergus Falls, close the depots to the public, and consolidate the functions and responsibilities of those agencies with an enlarged, centralized freight agency at St. Cloud.

Transportation Rail Action Coalition (TRAC) received permission to intervene.

A hearing examiner recommended the relief sought by Burlington Northern be granted and found no evidence to indicate granting the petition would affect the quality of railroad service currently provided at Fergus Falls. The hearing examiner believed most of the testimony by shippers, public officials and businessmen reflected a lack of understanding of Burlington Northern's proposal and the existence of unsubstantiated fears about the possible effects of consolidating local train service.

The Commissioner adopted many of the findings of the hearing examiner. Additionally, he found (1) one major Fergus Falls shipper's experience indicated direct agent contact to coordinate the exact arrival time of coal trains was important to control its utilization of coal stockpiles; (2) despite the necessity of placing all car orders and tracer requests with the St. Paul regional car distributor, in practice the local agent had and will continue to have a direct and beneficial effect on obtaining empty cars and facilitating car shipments; (3) shippers in the Fergus Falls area rely on the ability of the local agent to coordinate necessary switching for their operational needs; and (4) under Burlington Northern's proposal, there will be delays, including possible overnight delays, in meeting a switching request.

The Commissioner concluded in part: (1) Burlington Northern's proposal for handling switching requests from a centralized agency would be inadequate to meet the needs of the shippers served by the Fergus Falls base agent; (2) the shippers in the Fergus Falls area require maintenance of the current level of communication efficiency provided by the base agent; and (3) Burlington Northern failed to show its proposal, with regard to the removal of the Fergus Falls base agent, will provide a continuation of the level of services essential for the public convenience and necessity.

The Commissioner granted Burlington Northern's petition except the termination of the base agency service and public access to the depot at Fergus Falls.

## ISSUE

Is the order of the Commissioner of Transportation supported by substantial evidence in the record?

## ANALYSIS

■ 1. Minn.Stat. § 219.85 (1982) sets forth the criteria for reducing or discontinuing agency service.

Agency service at common carrier railroad stations shall be that required by the *public convenience and necessity.*

*Id.* (emphasis added). The term "public convenience and necessity," while not statutorily defined, has been interpreted in a commerce context as vesting a wide range of discretion in the administrative body "to draw its conclusions from the great variety of circumstances which may exist in specific instances." *Indianhead Truck Line, Inc. v. United States,* 253 F.Supp. 186, 187–88 (D.Minn.1966).

■ 2. TRAC contends the Commissioner was acting in a legislative, not quasi-judicial capacity, when he decided removing the base agent from Fergus Falls and closing the depot would adversely affect public convenience and necessity. The standard

of review for controverted adjudicative facts is the substantial evidence standard, while review of a legislative decision is narrower. *See St. Paul Area Chamber of Commerce v. Minnesota Public Service Commission,* 312 Minn. 250, 262, 251 N.W.2d 350, 358 (1977).

■ TRAC claims the Commissioner made a choice among public policy alternatives, a legislative type decision, when determining whether public convenience and necessity required the closing of a depot and the transferring of the agent's functions. TRAC cites *Rock Island Motor Transit Company v. Murphy Motor Freight Lines, Inc.,* 239 Minn. 284, 58 N.W.2d 723 (1953), for the proposition that a determination of public convenience and necessity is "legislative and administrative in character." *Rock Island,* however, also supports the conclusion the Commissioner was acting in a quasi-judicial capacity and that the substantial evidence test applies.

On appeal from an order of the commission the court examines the whole matter in controversy to determine whether the evidence reasonably tends to support the findings of fact upon which the order must be based and to examine the questions of law arising from such facts.

*Id.* at 289, 58 N.W.2d at 727 (quoting *State, Railroad and Warehouse Commission v. Minneapolis & St. Louis Railroad Company,* 209 Minn. 564, 572, 297 N.W. 189, 193 (1941)); *see also Indianhead Truck Line,* 253 F.Supp. at 188. We hold the Commissioner acts in a quasi-judicial capacity when determining public convenience and necessity; the substantial evidence test applies on review.

■ 3. The Commissioner's order denying that part of Burlington Northern's petition seeking to terminate base agency and depot services at Fergus Falls is supported by findings of fact and conclusions of law which are supported by substantial evidence in the record as a whole. Burlington Northern would have us disregard, as did the hearing examiner, the testimony of several shippers. The Commissioner described them as "experienced businessmen who,

more than anyone, are familiar with their individual businesses and business shipping needs." Burlington Northern seeks to trivialize their testimony by asserting the Commissioner relied on four minor instances when shippers in the past have been aided by a Fergus Falls local agent.

We do not agree with the characterization the Commissioner relied on four "minor" instances. For example, the Commissioner relied on the testimony of the operating supervisor at the Hoyt Lakes Plant of Otter Tail Power Company who testified that (1) coal trains are seldom on time, (2) he is in frequent contact with the Fergus Falls agent to pinpoint the location of the coal train, and (3) based on the agent's information, the supervisor can decide whether to tap a coal stockpile.

The Commissioner concluded (1) an agent who is available for personal contact and familiar with a shipper's operations is necessary to maintain the current level of operational efficiency *in Fergus Falls,* and (2) Burlington Northern failed to show that this level of efficiency, essential to provide public convenience and necessity, would be maintained under the proposed centralization.

## DECISION

The Commissioner has wide discretion to draw his conclusions from a variety of circumstances. There is substantial evidence in the record taken as a whole to support the Commissioner's findings and conclusions.

Affirmed.